IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID WARREN,**

**Plaintiff,**

**v.**

**AMEREN ENERGY GENERATING
COMPANY, an Illinois Corporation, and
AMEREN CORP., a Missouri Corporation,**

**Defendants.**                                                  **No. 06-CV-628-DRH**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

  This matter comes before the Court on Defendants Ameren Energy Generating Company and Ameren Corporation's ("Defendants") motion to dismiss Counts V and VI of Plaintiff's Complaint pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**. (Doc. 18.) This motion was filed on November 11, 2006. As of this date, Plaintiff has not responded to the motion. Pursuant to **LOCAL RULE 7.1(g)**, the Court considers this failure an admission of the merits of the motion.[1]

  Defendants argue that Counts V and VI of Plaintiff's Complaint should be dismissed because those Counts allege violations of the **Illinois Human Rights Act ("IHRA")**, but that Plaintiff failed to exhaust all of his administrative remedies under the IHRA prior to seeking judicial review and, therefore, he is now barred from

---

[1] "Failure to file a timely response to a motion may, in the court's discretion, be considered an admission of the merits of the motion." **LOCAL RULE 7.1(g)**.

pursing these claims in this Court.

On August 3, 2005, Plaintiff filed an administrative charge with the Illinois Department of Human Rights ("IDHR"), as required by the IHRA, alleging that AEG and Ameren Corporation unlawfully discriminated against Plaintiff by failing to accommodate Plaintiff's disability in violation of the IHRA.  (Doc. 2, p. 2.)  In Plaintiff's Complaint, he alleges that he exhausted his administrative remedies under the IHRA, but Defendants have produced an Order of Closure from the IDHR stating that Plaintiff had submitted a written request to withdraw the charge.  Because Plaintiff failed to file a response to Defendants' motion, the Court interprets Plaintiff's silence as an admission of this fact.

The Seventh Circuit has held that "in light of the Illinois Human Rights Act, courts have no jurisdiction to hear independent actions for alleged human rights violations.  Rather, judicial review is only available under the Act after the Human Rights Commission has issued a final order on a complaint." ***Talley v. Washington Inventory Service*, 37 F.3d 310, 312 (7th Cir. 1994). *See also* 775 ILCS 5/8-111(A) (stating "[a]ny complainant or respondent may apply for and obtain judicial review of any final order entered under this Act by filing a petition for review in the Appellate Court. . .").**  In this case, there was never a final order entered on Plaintiff's case.  Therefore, this Court has no jurisdiction to hear Plaintiff's claim under the IHRA.

For the foregoing reasons, Defendants' motion to dismiss (Doc. 18) is

**GRANTED**.  Counts V and VI of Plaintiff's Complaint are **DISMISSED** for failure to exhaust administrative remedies.

   **IT IS SO ORDERED.**

Signed this 7th day of August, 2007.

               /s/  David RHerndon
               **United States District Judge**